USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/7/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Alvaro Guzman Iturbide,<br><br>      Plaintiff,<br><br>    –v–<br><br>Huntingwood, Inc., *et al.*,<br><br>      Defendants. | 18-cv-9036 (AJN)<br><br>MEMORANDUM<br>OPINION AND ORDER |

ALISON J. NATHAN, District Judge:

  Plaintiff Alvaro Guzman Iturbide has brought this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq. See* Dkt. No. 1. After entering into discovery, the parties reached a settlement as a result of mediation. They then submitted a proposed settlement for the Court's approval, along with a letter explaining their views on the fairness of the settlement. *See* Dkt. No. 32. The settlement agreement provided for a total settlement amount of $22,000, including attorneys' fees and costs. Plaintiff's counsel is seeking attorneys' fees and costs in the amount of $7,642. For the following reasons, the Court approves the settlement agreement.

**I.  LEGAL STANDARD**

  In order to serve FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). A Plaintiff's FLSA claims therefore cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky*

1

*v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

## II. DISCUSSION

### A. Settlement Amount

The Court finds that the total settlement amount is reasonable. Potential damages calculations submitted by Plaintiff indicate a maximum potential award of $38,991.08. Dkt. No. 32-2. The recovery under the settlement agreement net of fees and costs is $14,358, which under Plaintiff's counsel's calculations amounts to roughly 37% of maximum potential damages.

Despite the limited information provided in support of the settlement agreement, the total settlement amount is presumptively reasonable. *See Lazo v. Kim's Nails at York Ave.*, No. 17-CV-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019); *Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737 (S.D.N.Y. May 24, 2018) (approving a settlement that represented thirty percent of the potential recovery in light of "the risk and delay inherent in litigation.") (collecting cases). The reasonableness of the settlement is further bolstered by the fact that it was a product of mediation.

### B. Attorneys' Fees and Costs

The Court also finds the amount of attorney's fees and costs to be reasonable. The requested fees and costs represent roughly one third of the total settlement amount. Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases. *See Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4

(S.D.N.Y. Aug. 31, 2015) (collecting cases). Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice of using the lodestar method as a "'cross check' on the reasonableness of the requested percentage"). Here, the lodestar cross check confirms the reasonableness of the fee request.

The lodestar amount is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)) (internal quotation marks omitted). Plaintiff's records indicate that manage partner Michael Faillace billed at $450 an hour, senior attorney Joshua Androphy billed at $400, and former associate Sara Isaacson billed at $350. The Court finds these rates to be excessive. *See Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631, at *4 (S.D.N.Y. Apr. 21, 2016) (noting that "the rates at which Plaintiff's counsel Michael Faillace seeks to bill are on the high end of what is typical in FLSA cases, and have previously been reduced by several courts in this district") (citing *Rosendo v. Everbrighten Inc.*, No. 13-CV-7256 (JGK) (FM), 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015), *report and recommendation adopted*, No. 13-CV-7256 (JGK), 2015 WL 4557147 (S.D.N.Y. July 28, 2015) (reducing rates for Mr. Faillace and his associates, and collecting cases doing same)). It therefore reduces Mr. Faillace's rate to $400, Mr. Androphy's rate to $350, and Ms. Isaacson's rate to $250. *See Sanchez Gallego v. Adyar Ananda Bhavean Corp.*, No. 16-CV-4631 (AJN), 2019 WL 131957 (S.D.N.Y. Jan. 8, 2019) (reducing Mr. Faillace's rate to $400 per hour and Mr. Androphy's rate to $350 per hour); *Rosendo*, 2015 WL 1600057, at *9 (finding that the

reasonable hourly rate for Mr. Faillace is $400, for a senior attorney with 10 years of experience is $300, and for an associate with 3 years of experience is $225); *Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2017 WL 6311868, at *2 (finding that a reasonable hourly rate for Mr. Faillace is $400 and for associates with 3-4 years of experience is $250).

Calculated using these reasonable hourly rates, the lodestar amount is $4,855. This results in a lodestar multiplier of under 2, which is appropriate in FLSA contingency cases. *See Lazo*, 2019 WL 95638, at *3 (concluding in a FLSA contingency case that "a multiplier no higher than 2 is appropriate") (collecting cases). Accordingly, the amount of fees and costs under the settlement is reasonable.

### III.  CONCLUSION

In sum, the Court approves the settlement agreement. The Clerk of the Court is respectfully directed to enter judgment and to close the case.

SO ORDERED.

Dated: August 7, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge