**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
Alvaro Guzman Iturbide,

                 Plaintiff,

     -against-                                18 **CIVIL** 9036 (AJN )


                                                       **JUDGMENT**

Huntingwood, Inc., et al.,

                 Defendants.
-----------------------------------------------------------X

           It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the

reasons stated in the Court's Memorandum Opinion and Order dated August 7, 2020, the Court

approves that attached Settlement Agreement, and the case is closed.

**Dated:** New York, New York
         August 7, 2020


                                          **RUBY J. KRAJICK**
                               _____
                                   **Clerk of Court**
        **BY:**
                                     **Deputy Clerk**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALVARO GUZMAN ITURBIDE, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

HUNTINGWOOD. INC. (D/B/A STELLA'S PIZZA), ROBERT SELIGSOHN (A.K.A. ROB SELIGHOHN), and EDGAR RIVERA,

Defendants.

Index No. 18-cv-09036 (AJN)

---

## SETTLEMENT AGREEMENT

Plaintiff Alvaro Guzman Iturbide ("Plaintiff") and Huntingwood, Inc., Robert Seligsohn, and Edgar Rivera (collectively "Defendants," and with Plaintiff, the "Parties"), hereby agree upon this Settlement Agreement ("Agreement") as a resolution of all issues involved herein as follows:

1.     **Preliminary Matters.** Plaintiff has reviewed the terms of this Agreement, had the opportunity to confer with his legal counsel Michael Faillace & Associates, P.C. (hereinafter "Plaintiff's Counsel"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing Agreement and enters into this Agreement voluntarily and with a full understanding of its terms.

2.     **No Admission of Liability.**

A.     This Agreement has been mutually negotiated and drafted by the parties to compromise disputed claims, to avoid expense or litigation and to terminate all controversy in or claims for damages or relief of whatever nature. The parties expressly understand and acknowledge that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiff or to anyone else as a result of or growing out of the matters set forth in the Complaint styled *Guzman Iturbide v. Huntingwood Inc. et al,* 1:18-cv-9036 (AJN) (SDNY), and that no party is to be deemed as prevailing as a result of this Agreement.

B.     The negotiation, undertaking, agreement, and/or execution of this Agreement shall not be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle

of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff has suffered any damage. Additionally, the Parties agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

3.    **Dismissal of Pending Action**

A.    For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, the Pending Action; (2) not to re-file the causes of action asserted in the Pending Action or any other causes of action against Defendants; and (3) not to institute any action against any Defendant in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action and/or a full release of each party's claims as specified herein.

B.    In the event any wage and hour class or collective action is brought against Defendants which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, he immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

4.    **No Further Actions or Claims.** Except for the purpose of seeking enforcement of the terms of this Agreement, the Parties agree that they will not file or institute or cause to be filed or instituted any civil action, action, charge, or other proceeding of any nature or description against the other before any judicial, administrative, arbitral or other forum based upon or arising out of any claims, whether asserted or not, that the Parties may have against the other as of the date of this Agreement. The parties further affirm that they have not filed, caused to be filed, or presently are a Party to any claims, charges, grievances, complaints, actions or proceedings of any kind against each other, other than the instant action, which Plaintiff agrees to the dismissal of with prejudice.

5.    **Consideration.**

A.    In consideration of the promises of Plaintiff set forth herein, Defendants agree to pay Plaintiff and his attorneys the total sum of Twenty-Two Thousand Dollars and Zero Cents ($22,000.00) (hereinafter the "Settlement Payment"), and other good and valuable consideration as described below.

B.    The Settlement Payment shall be due and payable as follows: (1) two certified bank checks paid to Alvaro Guzman Iturbide and delivered to Michael Faillace & Associates, PC, 60 E 42nd Street, Suite 4510, New York, NY, 10165 in the amount of Fourteen Thousand Three Hundred Fifty Eight Dollars and Zero Cents ($14,358.00) subject to the tax considerations in Section C, *infra*; and (2)  one certified bank check to "Michael Faillace & Associates, P.C. *as attorneys for* Plaintiff Alvaro Guzman Iturbide" and delivered to Michael Faillace & Associates, PC, 60 E 42nd Street, Suite 4510, New York, NY, 10165 in the amount of Seven Thousand Six Hundred Forty Two Dollars and Zero Cents ($7,642.00). The Settlement

2

Payment shall be due ten (10) business days after the Court approves this settlement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, and the action is dismissed in its entirety with prejudice.

        C.      Defendants shall issue 50% of Plaintiff's Settlement Payment as back wages, deducting appropriate taxes, and issuing Plaintiff with a W-2. The remaining 50% will be treated as Plaintiff's liquidated damages, Defendants will issue to Plaintiffs a 1099. Defendants and Defendants' Counsel make no warranty and have provided no advice regarding the tax treatment of payments and Plaintiff acknowledges he has received no representations from Defendants' Counsel regarding taxation or tax advice. All taxes, other than the employer's share of payroll taxes, are the sole responsibility of the individual receiving the payment. Plaintiff agrees to provide to Defendants, through counsel, a form W-9 or valid Taxpayer Identification Number (including either a Social Security Number "SSN" or an Individual Taxpayer Identification Number "ITIN") to assist Defendants in the lawful issuance of the above payments. Defendants are not obligated to issue any payment of the Settlement Payment to Plaintiff until they receive a valid Taxpayer Identification Number; however, any delay in Plaintiff providing Defendants with a valid Taxpayer Identification Number shall not affect Defendants' obligations to make the payment due to "Michael Faillace & Associates, P.C. *as attorneys for* Plaintiff Alvaro Guzman Iturbide" .

        D.      The Parties acknowledge and agree that the Settlement Payment includes but is not limited to attorneys' fees, costs, penalties, interest, back wages, and liquidated damages. The substance of Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

      6.      **Mutual Release of claims by Parties.**

        A.     **By Plaintiff**. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date Plaintiff executes this Agreement, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants and their present and former owners, directors, officers, partners, shareholders, members, employees, insurers, parents, subsidiaries, affiliates, successors, related entities, assigns, heirs, executors, administrators, attorneys, representatives, and agents, in their respective capacity as such, including but not limited to Robert Seligsohn and Edgar Rivera , from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands of any kind whatsoever, at law or in equity, direct or indirect, known or unknown, discovered or undiscovered, which he had, now has or hereafter can, shall or may have against Defendants, arising out of, attributable to Plaintiff's employment compensation or the termination of his employment, from the beginning of time until the date of the execution of this Agreement, including all claims alleged

in the Civil Action; unpaid overtime pay or other violation of the Fair Labor Standards Act, 29 U.S.C. section 201 *et seq.*; and unpaid overtime pay, or other claims under the New York Labor Law or Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law); all *as amended.*

B.   This release does not affect or limit: (1) claims that may arise after the date Plaintiff signs this Agreement; (2) Plaintiff's rights to enforce the terms of this Agreement; and (3) any other claims that, under controlling law, may not be released by private settlement. In addition, nothing in this Release waives or limits Plaintiff's right to file a charge with the Equal Employment Opportunity Commission or similar state agency, or with the National Labor Relations Board, or to provide information to or assist such agency in any proceeding, provided, however, that Plaintiff hereby agrees that by signing this Agreement, he relinquishes any right to receive any personal monetary relief or personal equitable relief with respect to any matter as to which he has released claims. As of the date of this Settlement Agreement, Plaintiff represents that he does not have any charge or complaint against the Defendants pending with the Equal Employment Opportunity Commission or similar state agency, or with the National Labor Relations Board.

C.   **By Defendants**. Defendants release Plaintiff and his representatives, agents, insurers, assigns, heirs, executors, administrators, and attorneys from any and all claims, charges, actions, and causes of action of any kind or nature that Defendants once had, could have had, or now have against Plaintiff, whether such claims are now known or unknown to Defendants, from the beginning of the world to the date of the Agreement.

7.   **Tax Liability**. Defendants do not guarantee the tax treatment of any payments under this Settlement, including without limitation under Code, federal, state, local or foreign tax laws and regulations. Plaintiff agrees that he has not relied on any advice from Defendants or their attorneys concerning the tax consequences of the payments made pursuant to this Agreement but is relying on his own judgment and the advice of his own counsel in this matter. Plaintiff shall be responsible for all federal, state, and local tax liabilities attributable to him that may result from the payments under this Agreement, and shall indemnify and hold Defendants harmless to the full extent of any such liabilities, payments, costs, interest, and/or penalties that may be assessed against or incurred by Defendants resulting from Plaintiff's failure to pay taxes owed for payments under this Agreement. Defendants agree to notify Plaintiff in writing, via his Counsel, of any assessment or claim of assessment against them, and Plaintiff agrees that any payments for which Plaintiff has assumed responsibility hereunder shall be paid in full within thirty (30) days after his receipt of a demand for payment. Plaintiff further agrees and understands that, in the event Defendants are required to enforce the terms of this indemnification and hold harmless provision, Plaintiff will reimburse Defendants for their reasonable attorneys' fees and costs associated with such enforcement.

8.   **Affirmations by Plaintiff**. By signing this Agreement, Plaintiff hereby makes the following acknowledgments and affirmations:

4

A.      Plaintiff acknowledges the sufficiency of the consideration he is receiving under this Agreement in exchange for his release of claims including, *inter alia*, the monetary consideration paid to Plaintiff pursuant to Section 5.

B.      Plaintiff agrees that he no longer has any entitlement to any wages, compensation, bonuses, commissions, gratuities, payouts, severance pay, vacation pay, or other benefits, damages, attorneys' fees or costs from Defendants, except as specifically provided in this Settlement Agreement.

9.      **Governing Law.**  The rights and obligations of the parties hereunder shall be construed and enforced in accordance with, and shall be governed by, the laws of the State of New York, without regard to principles of conflict of laws.  Venue and jurisdiction for any dispute between the parties shall lie in the United States District Court for the Southern District of New York.  However, if the District Court should refuse or decline to accept jurisdiction over the Agreement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York.  Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

10.      **Full Relief.**  Plaintiff agrees that if he commences any action for the payment of wages, overtime wages, gratuities, liquidated damages, interest, costs, attorneys' fees and/or any other penalties or damages recoverable under any federal, state or local wage and hour law including, but not limited to, the FLSA and/or NYLL for the claims released herein, or seeks to participate in any such action, whether as a member of a class action, collective action or otherwise for the claims released herein, this Agreement may be used by Defendants as evidence that any such claims have been voluntarily and fully released, and Plaintiff shall reimburse Defendants for all legal fees and expenses incurred in defending such claims instituted by Plaintiff or with their consent or ratification, and in obtaining dismissal thereof.

11.      **Return of Company Property/Confidential Material.**

A.      To the extent he has not already done so, Plaintiff agrees to return to the Defendants all property of the Defendants, which is or has been in his possession, custody, or control, including but not limited to written materials, records, computer files, and documents (whether maintained in hard copy format, digitally, electronically, or in any other medium) and any copies thereof, including, but not limited to, all properties of Defendants taken or received by Plaintiff during his employment or upon his separation from Defendants.

B.      Plaintiff and their Counsel acknowledge that documentation exchanged via discovery and/or in furtherance of settlement in this matter may include confidential, business, personnel and/or consumer information and Plaintiff and their Counsel agree not to exchange, disseminate or otherwise disclose such information or documentation, absent court order.

5


12.     **Status of Settlement If Case Is Not Ultimately Dismissed**. In the event the Court does not dismiss the Pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio* and Plaintiff's Counsel shall promptly return all settlement payments to Defense Counsel. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement, and the parties shall proceed in all respects as if the Agreement had not been executed.

13.     **Important Acknowledgments**. It is understood and agreed that the Settlement Payment and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, and the full and final release effected thereby. The Parties represent and warrant that the Settlement Payment is fair and reasonable. The Parties represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their attorneys.

14.     **No Other Representations or Agreements**. Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement, other than the representations expressly stated in the Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties hereto.

15.     **Binding on Assigns**. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, successors, legal administrators and assigns, in their respective capacity as such.

16.     **No Modification Except In Writing**. This Agreement cannot be modified or changed except by a writing, signed by the Parties, with specific reference to this Agreement.

17.     **Execution In Counterpart and Facsimile Signatures**. This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

18.     **No Waiver**. Failure by any party to enforce or seek to remedy any breach under this Agreement shall not be construed as a waiver of such rights nor shall a waiver by either party of default be construed as constituting a continuing waiver or as a waiver of any other breach.

19.     **Interpretation/Jointly Drafted Agreement**. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between the Parties' respective attorneys; it shall be deemed to have been jointly drafted and shall not be construed for or against any party because that party drafted the Agreement or requested the inclusion of any particular provision.

20.     **Competence to Waive Claims**. At the time of considering or executing the Agreement, the parties were not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. The parties are competent to execute this Agreement and knowingly and voluntarily waive any and all claims they may have against the Defendants.

21.     **Knowing and Voluntary Release of Claims**. Plaintiff acknowledges that:

A.     Plaintiff has carefully read this Settlement Agreement, which was translated to him in his native language, and they fully understands its meaning;

B.     Defendants hereby advise Plaintiff in writing that Plaintiff should consult with an attorney before signing the Settlement Agreement, and Plaintiff acknowledges that he has in fact consulted with an attorney regarding this Agreement, or that he has waived this right;

C.     Plaintiff is signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

D.     Everything Plaintiff is receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause Plaintiff to sign it.

22.     **Severability**. Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by another competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.


**IN WITNESS WHEREOF**, the Parties hereto have executed, or caused their duly authorized officer, to execute this Agreement.

PLAINTIFF:

_____     Date: 08/12/, 2019
ALVARO GUZMAN ITURBIDE

7

**DEFENDANTS:**

Date: _____, 2019

HUNTINGWOOD, INC. (D/B/A STELLA'S PIZZA) By: _____

Date: _____, 2019

ROBERT SELIGSOHN

Date: _____, 2019

EDGAR RIVERA

8